```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MIGIR ILGANAYEV,                                            :
                                                            :     **MEMORANDUM DECISION**
                                              Plaintiff,    :     **AND ORDER**
                                                            :
                 - against –                                :     17 Civ. 4215 (BMC)
                                                            :
BEST BUY CO., INC, CAPITAL ONE BANK,                        :
CITIBANK, N.A., EXPERIAN                                    :
INFORMATION SOLUTIONS, INC.,                                :
EQUIFAX INFORMATION SERVICES LLC.,                          :
AND TRANSUNION, LLC.                                        :
                                                            :
                                              Defendants.   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action as a result of the termination of his Best Buy Co., Inc. ("Best Buy) credit card due to nonpayment, and the subsequent reporting to credit reporting agencies ("CRAs") of that termination and the eventual charge-off of the outstanding balance. He asserts claims under Sections 1681e(b) and 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). He also asserts claims under Section 380-j(e) of New York's General Business Law ("NYFCRA"), against only Experian Information Solutions, Inc., Equifax Information Services LLC, and Transunion, LLC.

Best Buy, Capital One Bank ("Capital One"), and Citibank, N.A. ("Citibank") have moved to dismiss. Plaintiff's claims are barred by *res judicata*; he has failed to state a claim under federal law; and his argument concerning the meaning of a stipulation in a prior case between these parties is frivolous. Defendants' motions to dismiss are therefore granted.

**BACKGROUND**

Viewing the complaint in the light most favorable to plaintiff, in 2009, plaintiff applied and was approved for a Best Buy store credit card. Capital One serviced the credit card account. On July 23, 2013, plaintiff scheduled a payment for the balance on his Best Buy credit card account, but on July 29, 2013, plaintiff received an email informing him that the payment was not processed. That same day, plaintiff succeeded in a second attempt to pay the balance on the credit card. Nevertheless, days later, plaintiff attempted to make a purchase with the credit card but the merchant informed him that the account had been closed on July 27, 2013 due to nonpayment.

In August 2013, plaintiff filed an action against Best Buy and Capital One in the Supreme Court of the State of New York, <u>Migir Ilganeyev v. Capital One Bank and Best Buy Co., Inc.</u>, No. 15039/2013 (Sup. Ct. Kings Co.), alleging that Best Buy and Capital One had wrongfully closed his account and reported his account delinquency to the CRAs, resulting in the denial of a student loan and a credit card, and damaging his credit rating. The complaint contained no designated causes of action; it merely set forth a list of allegations. Plaintiff sought $75,000 in damages. On March 12, 2014, the parties dismissed the action pursuant to a Stipulation of Discontinuance with Prejudice (the "Stipulation"). The Stipulation did not contain any terms of agreement between the parties except that the action was dismissed with prejudice, with each side to bear their own costs.

Prior to the execution of the Stipulation, in September 2013, Citibank had acquired plaintiff's Best Buy account from Capital One. Neither Best Buy, Citibank, or Capital One informed plaintiff of this assignment. In November 2015, Citibank advised plaintiff that his debt

had been "charged off," meaning that Citibank ceased attempts to collect it. Citibank reported this charge off to the CRAs.

In June 2017, plaintiff filed the instant case in state court, alleging that Best Buy, Capital One, and Citibank violated Section 1681s-2(b) of the FCRA by failing to follow reasonable procedures to provide accurate information about his account to CRAs. He also alleged that Experian Information Solutions, Inc., Equifax Information Services LLC, and Transunion LLC violated Section 1681e(b) of the FCRA and Section 380-j(e) of the NYFCRA by failing to follow reasonable procedures to ensure the accuracy of the credit reports they generated about him. Defendants removed the action to this Court.

## DISCUSSION

**A. Plaintiff's Claims Against Best Buy, Capital One, and Citibank are Precluded by *Res Judicata***

The doctrine of *res judicata* bars a party from relitigating claims that were or could have been raised by that party in a prior forum where the litigation was resolved on the merits. Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). The "doctrine applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985). A federal court must give a prior state-court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). See also 28 U.S.C. § 1738. Dismissal under Rule 12(b)(6) is appropriate when the complaint, considered along with facts in the public record, plainly establishes that the case is barred by *res judicata*. AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003).

Only the fourth factor is disputed here.  Plaintiff contends that the reporting of his credit card account as delinquent (the basis of his 2013 suit) is distinguishable from the reporting of the same account as charged off (the basis of this suit).  He claims that accordingly this lawsuit "arises out of a wholly separate transaction that is independent of that which led to the first suit in 2013."

I disagree.  The claims in the present suit "[i]nvolve[] the same 'transaction' or connected series of transactions as the earlier suit."  Umar Oriental Rugs, Inc. v. Carlson & Carlson, Inc., 757 F. Supp. 2d 218, 224 (E.D.N.Y. 2010).  The same "nucleus" of operative facts is at the core of each.  See Magi XXI, Inc. v. Stato Della Cit%22a Del Vaticano, 22 F. Supp. 3d 195, 202 (E.D.N.Y. 2014).  The only difference between the two suits is that in the interceding period, the debt was reclassified from "delinquent" to "charged off."  No new transaction occurred.  The reporting of the initial delinquency and the reporting of the subsequent charge off are together a textbook example of a "connected series of transactions."  Norman v. Niagara Mohawk Power Corp., 873 F.2d 634, 638 (2d Cir. 1989) ("Although some of the acts of which Norman complains may have occurred in the one year interval between Judge Munson's dismissal of the 1985 action and the bringing of the instant suit in 1986, it is readily apparent that they were all part of the same cause of action and arose from a 'single core of operative facts.'").  The reclassification of the debt "merely served to extend the damages, if any, that flowed from" defendants' original reporting to CRAs of plaintiff's delinquency, which was the transaction underlying the pleadings and Stipulation in the state court action.  Tibbetts v. Stempel, 354 F. Supp. 2d 137, 151 (D. Conn. 2005).  See Restatement (Second) of Judgments § 24, cmt. c ("[W]here one act causes a number of harms to, or invades a number of different interests of the same person, there is still but one transaction…").

The Stipulation bars plaintiff not just from bringing claims regarding the reporting of his delinquency, but from bringing claims regarding the reporting of his debt. Whether that debt is reported as delinquent or charged off is immaterial; plaintiff's claims as to the reporting of the debt at issue here have already been dismissed. See Tibbetts, 354 F. Supp. 2d at 150 ("The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose.").

Plaintiff is simply complaining about a new kind of harm emerging from the same underlying transaction that was already adjudicated in state court. The essence of the prior lawsuit was the improper treatment of plaintiff's account. Plaintiff withdrew that claim with prejudice, and nothing in the Stipulation required those defendants to change the way they treated plaintiff's account. If plaintiff wanted to maintain his claim that the account was wrongly treated, he had to get a court to so rule, not simply withdraw his claim with prejudice.

**B. Plaintiff Has Not Stated a Claim Regarding Notice of the Transfer of his Debt**

In considering a motion to dismiss, this Court accepts as true all well-pleaded facts in the complaint and "draw[s] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A motion to dismiss under this rule tests the legal sufficiency of the plaintiff's claim for relief. See Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007).

"The submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,

5

474 (2d Cir. 2006) (internal quotations omitted). However, plaintiff is an attorney admitted to practice in New York and New Jersey, and is therefore entitled to considerably less deference than a *pro se* plaintiff without formal legal education or experience. See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).

Plaintiff claims that Citibank's and Capital One's alleged failure to notify him of the transfer of his Best Buy account from Capital One to Citibank and the outstanding balance on his account constitute new issues that he could not have raised in his 2013 suit. He makes the conclusory assertion that such conduct was negligent and violated unspecified state and federal laws. Plaintiff, however, only asserts a claim for relief against Citibank and Capital One under Section 1681s-2(b) of the FCRA. That section provides the duties of furnishers of information to investigate, and if appropriate, take corrective action, when they have received notice of a dispute from a consumer reporting agency. It does not require that assigning creditors give account holders notice of the assignments.

**C. Plaintiff's Debt Was Not Extinguished by the 2014 Stipulation**

Plaintiff also claims that the inclusion of the phrase "without costs to either party as against the other" in the Stipulation extinguished the debt that he owed on his Best Buy account. This argument is frivolous.

The inclusion of the language "without costs" in a stipulation of dismissal does not indicate that any party has been awarded substantive relief eliminating a debt. Instead, it means only that the Court does not require fee shifting and does not award either side costs incurred in the litigation. Plaintiff's allegation that "it was the reasonable understanding of all parties that neither party owed anything to the other and that the case was settled" does not survive the unambiguous language of the Stipulation.

## CONCLUSION

The motions to dismiss of Best Buy, Capital One, and Citibank are granted.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 26, 2017

                                                U.S.D.J.